# IN THE COURT OF APPEALS OF IOWA

———————

No. 24-1292
Filed January 28, 2026

———————

**Montrell Ryan McClellan,**
Applicant–Appellant,

v.

**State of Iowa,**
Defendant–Appellee.

———————

Appeal from the Iowa District Court for Story County,
The Honorable John R. Flynn, Judge.

———————

**AFFIRMED**

———————

Gregory F. Greiner, Assistant Public Defender, Wrongful Conviction Unit,
Des Moines, attorney for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney
General, attorneys for appellee.

———————

Considered without oral argument
by Schumacher, P.J., and Badding and Langholz, JJ.
Opinion by Badding, J.

**BADDING, Judge.**

After a drug deal gone bad in March 2019, Montrell McClellan was enlisted to track down the dealer and get the buyer's money back. McClellan's efforts resulted in his convictions for first-degree robbery, intimidation with a dangerous weapon, and simple assault. We affirmed those convictions on direct appeal. *State v. McClellan*, No. 19-1839, 2021 WL 2453367, at *1 (Iowa Ct. App. June 16, 2021).

McClellan applied for postconviction relief in 2021. He alleged that trial counsel was ineffective for not challenging errors in the jury instructions. Those claimed errors included: (1) inconsistent instructions on the definition of theft; (2) the lack of definitions for the terms "possession" and "control" in the theft instructions; and (3) the failure of the marshaling instruction on the robbery charge to define "assault." McClellan also alleged that trial counsel was ineffective for failing to challenge the sufficiency of the evidence showing that he was one of the robbers who fired shots into the victim's apartment and that he fired those shots to further the intended theft or escape from the scene. McClellan urged that the cumulative prejudice of these errors established the ineffectiveness of trial counsel.

Following a short bench trial and briefing by the parties, the district court denied each of these claims in a detailed and well-reasoned opinion. The court found no breach of duty or prejudice resulted from any of the claimed breaches. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). As a result, the court also rejected McClellan's claim of cumulative prejudice. *See Smith v. State*, 7 N.W.3d 723, 733 (Iowa 2024).

McClellan renews the same claims on appeal. Skirting the edges of waiver,[1] he does not cite any authority beyond generally applicable ineffective-assistance case law to support his conclusory assertions of error.

Although we could find McClellan's claims waived, we have considered the appeal on its merits, and we reach the same conclusions as the district court on our de novo review of the record. *See Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). Because a full opinion would simply echo the court's thorough analysis of McClellan's claims and not advance the development of existing case law, we affirm with this memorandum opinion. *See* Iowa Ct. R. 21.26(1)(d), (e).

**AFFIRMED.**

---

[1] As our supreme court explained in *State v. Jackson*, a party can waive or forfeit an issue on appeal when the party "fails to make an argument in support of the issue," "fails to make more than a perfunctory argument in support of the issue," or "fails to cite any authority in support of the issue." 4 N.W.3d 298, 311 (Iowa 2024).